The judgment is reversed, and the cause remanded.

### JONES v. STATE.
#### No. 14831.

Court of Criminal Appeals of Texas.

Jan. 27, 1932.

Rehearing Denied March 9, 1932.

David E. O'Fiel, of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We find no brief in this record. There are two bills of exception which appear to have been filed too late for our consideration. The facts need not be detailed, but seem ample to support the verdict and judgment.

The judgment will be affirmed.

#### On Motion for Rehearing.

### MORROW, P. J.

The motion for rehearing finds the record in the same condition as on the 27th day of January last, when an affirmance was ordered because of the absence of a statement of facts which could be considered. Notice of appeal was entered on the 23d day of May, 1931. The statement of facts was filed in the trial court on August 23, 1931, ninety-two days after May 23, 1931, and, under article 760, C. C. P. (which limits the time allowed by the judge not to exceed ninety days), the facts cannot be considered. In the absence of the facts, the court is in no position to appraise the bills of exception. The limitations of this court, with reference to an appeal because of a fault in the charge, in the absence of a statement of facts, are discussed in some detail by Mr. Branch in his Ann. Tex. P. C. p. 309, § 602, from which the following statement is taken: "In the absence of a Statement of Facts, only fundamental errors will be revised. Every presumption will be in favor of the regularity of the conviction, the charge of the court, and of the sufficiency of the evidence."

The motion is overruled.